# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

EDWARD WITHERSPOON,

    Plaintiff,

v.

BALTIMORE CITY POLICE DEPT.,
JOHN DOES,
KATHERINE M. SMELTZER,
*Assistant State's Attorney*,

    Defendants.

Civil Action No. TDC-18-1601

## MEMORANDUM OPINION

Plaintiff Edward Witherspoon, an inmate at the North Branch Correctional Institution in Cumberland, Maryland, has filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by presenting a defective and fraudulent indictment in state criminal proceedings which caused him to be illegally arrested and then detained in the Baltimore City Detention Center from February 2016 to July 2016. Defendant Baltimore City Police Department ("BCPD") has filed a Motion to Dismiss, which is now fully briefed. Having reviewed the Complaint and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the BCPD's Motion will be GRANTED, and the Complaint will be dismissed as to the remaining Defendants.

## BACKGROUND

The following facts are taken from Witherspoon's Complaint or are matters of which judicial notice may be taken. *See* Fed. R. Evid. 201(b). On February 24, 2016, Witherspoon was arrested on a warrant and charged in the District Court for Baltimore City, Maryland. *See*

*Witherspoon v. State*, No. 1475, 2019 WL 290039, at *4 (Md. Ct. Spec. App. Jan. 18. 2019). Witherspoon claims that his arrest was made by the "Baltimore City (Marshal Squad)." Compl. at 5, ECF No. 1. Witherspoon was detained at the Baltimore City Detention Center.

On April 5, 2016, a grand jury in the Circuit Court for Baltimore City returned a five-count indictment against Witherspoon ("the Baltimore City Indictment") charging him with kidnapping, sexual offenses, and assault against a victim, M.F., on January 29, 2016. In Count 1 of the Baltimore City Indictment, Witherspoon was charged with kidnapping M.F. in the "Unit Block of Market Place, in the City of Baltimore, State of Maryland," in violation of Md. Code Ann., Crim. Law § 3-502. Balt. City Indictment at 1, Compl. Ex. 1, ECF No. 1-1. In Counts 2-5, Witherspoon was charged with sexual offense in the second degree (Count 2), sexual offense in the third degree (Count 3), and sexual offense in the fourth degree (Count 4), in violation of Md. Code Ann., Crim. Law §§ 3-306, 3-307, 3-308, with those offenses occurring at "8627 Eastern Morning Run in the City of Baltimore, State of Maryland." Balt. City Indictment at 1-2. In Count 5, Witherspoon was charged with assault in the second degree, in violation of Md. Code Ann., Crim. Law § 3-203, also occurring at "8627 Eastern Morning Run, in the City of Baltimore, State of Maryland." Balt. City Indictment at 2. The 8626 Eastern Morning Run address is actually located in Laurel, Maryland, within Howard County, Maryland, not Baltimore City. On July 15, 2016, Witherspoon posted bail and was released from custody.

On November 22, 2016, when Witherspoon appeared for a status conference in the Circuit Court for Baltimore City he was arrested by law enforcement authorities from Howard County and detained at the Howard County Detention Center. He was subsequently indicted in the Circuit Court for Howard County on the same charges contained in Counts 1, 2, 3, and 5 of the Baltimore City indictment: kidnapping, sex offense in the second degree, sex offense in the third degree, and

assault in the second degree ("the Howard County Indictment"). The Baltimore City Indictment was *nolle prossed* on February 23, 2017. In June 2017, after a jury trial in the Circuit Court for Howard County, Witherspoon was convicted on all counts of the Howard County Indictment and sentenced to 30 years of imprisonment. His convictions were upheld on appeal. *See Witherspoon*, 2019 WL 290039, at *1.

Witherspoon contends that the Baltimore City Indictment was defective because Count 1 did not identify a proper location of the crime and instead listed only a "general area that is too broad to establish jurisdiction of a crime committed," and because Counts 2-5 "occurred in a different jurisdiction other [than] Baltimore City." Compl. at 6. Accordingly, he asserts that his arrest and detention in Baltimore City from February 2016 to July 2016 violated his constitutional right to due process of law under the Fourteenth Amendment to the United States Constitution and caused him monetary damages due to his loss of employment and emotional injuries.

## DISCUSSION

In the Motion, the BCPD seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to state sufficient facts to state a plausible claim for relief. Specifically, it argues that the Complaint alleges no acts or omissions by the BCPD that would support liability, and that the alleged facts do not support a finding that Witherspoon was unlawfully arrested and detained.

### I.     Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of

3

self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. Fourteenth Amendment

Construed liberally, the Complaint alleges constitutional violations under 42 U.S.C. § 1983, which provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2018). In particular, the Complaint alleges that Witherspoon's Fourteenth Amendment right to due process of law was violated when he was arrested and detained on the allegedly defective Baltimore City Indictment. Although BCPD correctly notes that the Complaint does not identify specific misconduct by BCPD itself, and that the BCPD is not responsible for the issuance of indictments, because the Complaint alleges claims against John Doe Defendants who are presumably BCPD officers engaged in the arrest and detention of Witherspoon, the Court will analyze the question whether any such BCPD officer would be liable for constitutional violations against Witherspoon.

The Court construes the Complaint's due process claim as including the argument that Witherspoon's arrest violated the Fourth Amendment, as applied to states by the Fourteenth Amendment, because it was effected without probable cause. With limited exceptions, an arrest is reasonable only if supported by probable cause. *Dunaway v. New York*, 442 U.S. 200, 214 (1979). An officer has probable cause for an arrest when "facts and circumstances within the

officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause requires more than mere suspicion, but less than proof beyond a reasonable doubt. *See Wong Sun v. United States*, 371 U.S. 471, 479 (1963). The arresting officer's belief need not be correct, or even more likely true than false, so long as it is reasonable. *Texas v. Brown*, 460 U.S. 730, 742 (1983). Furthermore, the officer's subjective motivations for making the arrest are immaterial. *Whren v. United States*, 517 U.S. 806, 813 (1996).

Here, the unnamed BCPD officers who arrested Witherspoon did so based on a warrant and thus had sufficient probable cause to arrest Witherspoon. "[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant . . . . [A] claim for false arrest may be considered only when no arrest warrant has been obtained." *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Likewise, where the arrest was based on a validly issued warrant, the continuing pretrial detention of Witherspoon was reasonable under the Fourth Amendment. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 184 (4th Cir. 1996).

To the extent that Witherspoon argues that the underlying actions of BCPD officers leading to the issuance of the warrant and the Baltimore City Indictment were improper, his claim could be construed as one for malicious prosecution under the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (holding that the Fourth Amendment, not substantive due process, governs a claim that a plaintiff was subjected to criminal prosecution without probable cause). Although "it is not entirely clear whether [there is] a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the

seizure." *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009)). Thus, a "malicious prosecution" claim is "simply a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution." *Id.* (quoting *Snider*, 584 F.3d at 199). These elements include that (1) the defendant seized the plaintiff pursuant to legal process not supported by probable cause; and (2) that the criminal proceedings terminated in the plaintiff's favor. *Id.* Under Maryland law, a common law malicious prosecution claim requires a showing that "(1) the defendant instituted a criminal proceeding against the plaintiff; (2) the criminal proceeding was resolved in the plaintiff's favor; (3) the defendant did not have probable cause to institute the proceeding; and (4) the defendant acted with malice or a primary purpose other than bringing the plaintiff to justice." *Okwa v. Harper*, 757 A.2d 118, 130 (Md. 2000).

Here, Witherspoon's claim fails because it is undisputed that there was probable cause to charge him with kidnapping, sexual offenses, and assault against M.F. Witherspoon's only argument against the validity of the charges is that the Baltimore City Indictment was technically defective in the identification of the locations at which the crimes occurred. However, Witherspoon's first claim, that the Baltimore City Indictment was invalid because the description of the location of the kidnapping alleged in Count 1 as the "Unit Block of Market Place" was insufficiently specific, is incorrect. Balt. City Indictment at 1. Under Maryland law, an indictment need only identify "with reasonable particularity, the time and place the offense occurred." *See* Md. Rule 4-202(a). It is sufficient for an indictment to simply state the county in which the crime occurred. *Cook v. State*, 642 A.2d 290, 298 (Md. Ct. Spec. App. 1994) ("An indictment alleging that the offense was committed in a particular county will satisfy the requirement that the place where the offense occurred must be stated with 'reasonable particularity.'"), *rev'd on other*

*grounds*, 659 A.2d 1313 (Md. 1995). Where this is no dispute that the Market Place location is in Baltimore City, there was no defect in Count 1. Because there is no basis to challenge the validity of the kidnapping charge, the arrest and detention of Witherspoon was supported by probable cause. Thus, Witherspoon's malicious prosecution claim necessarily fails regardless of the validity of the remaining counts. Accordingly, the claims against BCPD and the John Doe Defendants must be dismissed. Notably, Witherspoon's challenge to the validity of Counts 3 and 4 also fails because the Circuit Court for Baltimore City had jurisdiction over those crimes because they occurred after Witherspoon kidnapped M.F. in Baltimore City and transported her to the Howard County location to conduct a sexual offense. *See* Md. Code Ann., Crim. Law § 3–316 (LexisNexis 2017) (providing that where a person is transported for purposes of committing a sex offense, the sex offense may be prosecuted in the jurisdiction where the transportation began).

### III. Prosecutorial Immunity

Lastly, although Defendant Assistant State's Attorney Katherine M. Smeltzer is not a party to the Motion, the claims against her must also be dismissed. *See* 28 U.S.C. § 1915(e)(2), 1915A(b) (2018). Although Witherspoon appears to argue that Smeltzer failed to correct known errors in the Baltimore City Indictment, Smeltzer, as a state prosecutor, is protected by absolute immunity when performing prosecutorial functions closely associated with the judicial phase of the criminal process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity applies to functions such as evaluating evidence assembled by the police, deciding to seek an arrest warrant, preparing and filing charging documents, and presenting evidence at trial. *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Where the claims against Smeltzer are based on her actions in preparing an indictment and

presenting it to a grand jury, they are based on Smeltzer's prosecutorial functions and must be dismissed based on prosecutorial immunity. *See Imbler*, 424 U.S. at 431; *Nero*, 890 F.3d at 118.

## CONCLUSION

For the foregoing reasons, the BCPD's Motion to Dismiss will be GRANTED. The Complaint will be DISMISSED as to Defendant Katherine M. Smeltzer and the John Doe Defendants. A separate Order shall issue.

Date: February 11, 2020

THEODORE D. CHUANG
United States District Judge